FILED '09 JUN 26 14:48 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES THOMAS HARDING,

        Petitioner,        Civil No. 07-1195-TC

        v.                 FINDINGS AND
                                RECOMMENDATION

NANCY HOWTON,

        Respondent.

COFFIN, Magistrate Judge.

     Petitioner is in the custody of the Kentucky Department of Corrections pursuant to judgments issued in that state. Although petitioner is neither in the physical custody of the Oregon Department of Corrections (ODOC), nor currently under the supervision of Josephine County Community Corrections (JCCC), at the time he was extradited to Kentucky, he was under post-prison supervision of JCCC, pursuant to a judgment from Marion County Circuit Court after convictions for Burglary in the First Degree and Attempted Burglary in the First Degree. Following a jury trial, the court sentenced

1 - FINDINGS AND RECOMMENDATION

petitioner to 34 months of imprisonment and 36 months of post-prison supervision on the burglary conviction and to a concurrent 16 month term of imprisonment and 24 months of post-prison supervision on the attempted burglary conviction. Respondent's Exhibit 101.[1]

Petitioner directly appealed his convictions, but subsequently moved to dismiss the appeal, which the Oregon Court of Appeals granted. Respondent's Exhibit 105.

Petitioner filed a second amended petition for post-conviction relief, Respondent's Exhibit 106, but the court denied relief. Respondent's Exhibits 122-124. The Oregon Court of Appeals Summarily affirmed and the Oregon Supreme Court denied review. Respondent's Exhibits 125 - 130.

Petitioner was released from the Oregon State Correctional Institution on November 15, 2004, and began serving his term of post-prison supervision under JCCC. Petitioner absconded in December 2004, and is currently in Kentucky serving a sentence he received for crimes committed after absconding a month after his post-prison supervision had begun.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging three grounds for relief. In Ground One, petitioner alleges that his trial counsel was constitutionally ineffective in six particulars. In Ground

---

[1] Petitioner also received a concurrent sentence of six to twelve months for his probation violation but does not challenge that judgment or sentence in this proceeding.

2 - FINDINGS AND RECOMMENDATION

Two, petitioner alleges his due process and equal protection rights were violated by the prosecutor, and in Ground Three petitioner alleges that his due process and equal protection rights were violated by the trial court. See, Petition (#2) P. 6-9.[2]

Respondent argues that petitioner failed to exhaust state remedies with respect to his claims and that to the extent that he presented the claims to state courts, the state court findings denying relief are entitled to deference under 28 U.S.C. § 2254(d). Respondent further argues that petitioner's claims fail on the merits. Response to Petition (#20) p. 5.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly

---

[2]Petitioner's Memorandum of Law (#34) includes arguments about alleged errors in criminal history classification and sentencing and other matters that are not alleged as grounds for relief in his Petition (#2). These matter are not addressed herein because they they were never raised in any state court proceeding and are not properly before the court.

3 - FINDINGS AND RECOMMENDATION

presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on

4 - FINDINGS AND RECOMMENDATION

petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

Accordingly, a federal claim is "fairly presented to the state courts only if it was (1) properly presented to the state's supreme court, (2) as a federal question, (3) in the appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered.

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993);

5 - FINDINGS AND RECOMMENDATION

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. Id. at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted. Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. Coleman, 501 U.S. at 572.

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. U.S. v. Frady, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," Coleman, 501 U.S. at 750, resulted in a "constitutional violation [that] probably resulted in the

6 - FINDINGS AND RECOMMENDATION

conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986); <u>Noltie</u>, 9 F.3d at 806.

In this case, petitioner's Second Amended Petition for Post Conviction Relief included all of the grounds for relief alleged in the §2254 petition before the court. <u>See</u>, Respondent's Exhibit #106.

However, petitioner's appeal from the PCR court decision denying relief raised only two claims of ineffective assistance of counsel. "First petitioner had an alibi for the time of the incident in question, and counsel did not investigate that alibi and present it in such a way that petitioner could be acquitted. In the alternative, counsel was ineffective for failing to supply case law that would have permitted the trial court to dismiss the burglary charge." Respondent's Exhibit #125, p. 3.

Petitioner procedurally defaulted the other claims raised in this proceeding by not specifically raising them on appeal from the PCR court decision denying relief.[3] Therefore, petitioner did not exhaust his state court remedies with respect to those claims. Petitioner has not established any cause and prejudice for his failure to exhaust those claims

---

[3]Petitioner's attempt to "renew his [PCR] arguments and "incorporate by reference the claims and supporting facts raised" in his PCR proceeding, <u>Id</u>., p. 8, is insufficient to "fairly present" those claims on appeal. <u>See</u>, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005) (holding that "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing.")

7 - FINDINGS AND RECOMMENDATION

and this court is barred from considering them.

The PCR court denied relief on all of petitioner's claims. Petitioner appealed the PCR court decision to the Oregon Court of Appeals arguing that the PCR court erred when it denied relief on petitioner's claims that his counsel was ineffective for failing to investigate and present an alibi witness, and for not convincing the court that the victim's second-floor balcony was not a "dwelling" for purposes of burglary statutes. Respondent's Exhibit #125, p. 2-3. Petitioner presented these claims to the Court of Appeals as "ineffective assistance of counsel" which "violated the Sixth Amendment to the United States Constitution." Id.

The Court of Appeals granted summary affirmance finding that "appellant has presented no substantial question of law on appeal." Respondent's Exhibit #127 (Order of Summary Affirmance).

In his Petition for Review to the Oregon Supreme Court petitioner alleged:

> "Trial Counsel in petitioner's underlying criminal case rendered ineffective assistance, which had a tendency to adversely impact the outcome of the case. This violated the Sixth Amendment to the United States Constitution. Counsel failed to adequately investigate the case, and failed to present a sufficient argument to win a motion for judgment of acquittal, among other errors. First, petitioner had an alibi for the time of the incident in question, and counsel did not effectively investigate that alibi and present it in such a way that petitioner could be acquitted. In the alternative, counsel was ineffective for failing to supply case law that would have permitted the trial court to dismiss the burglary charge."

Respondent's Exhibit #128, p. 3.

8 - FINDINGS AND RECOMMENDATION

Respondent argues that "all of petitioner's claims are procedurally defaulted because he failed to raise any of his claims in the proper state procedural context by failing to assign them as error in his opening appellate briefing and present them for review to the Oregon Supreme Court. Response to Petition (#20) p. 11.

However, as set forth above, the record before the court indicates that petitioner exhausted state remedies as to his claim that his attorney was ineffective for failing to properly investigate and present an alibi defense and may have exhausted state remedies as to his claim that his attorney was ineffective for failing to "supply case law regarding the "balcony" argument.[4]

Alibi defense:   Petitioner proceeded to trial on an alibi defense theory.  Petitioner did not testify on his own behalf and presented a single witness, Levelle Singleton, to testify regarding the Mission policy to support petitioner's alibi. Petitioner's Appellant Brief argued that trial counsel should have presented the testimony of Scott Lee, the supervisor of the Gospel Mission, regarding the Mission computer log. Respondent's Exhibit 125, p. 10-11.   Petitioner argued that the log would have reflected that petitioner had "checked in" on the night of the crimes and never checked out.

---

[4] In the petition before this court petitioner's "balcony argument" is alleged in terms of failing to object to the court's jury instruction regarding the definition of "balcony" as it relates to the crime of burglary.

9 - FINDINGS AND RECOMMENDATION

The PCR court considered petitioner's claim that his counsel failed to adequately investigate his alibi claim and found:

> 4. Counsel investigated petitioner's alibi defense. Petitioner's alibi - the supervisor at the Union Gospel Mission where petitioner was residing - had been fired from his position for allowing residents to leave the Mission at night, contrary to policy. It was determined that calling this witness, or other witnesses from the Mission, would prove harmful to petitioner's case. Counsel was correct. Remaining witnesses named by petitioner, other than the one individual who was located, were transients. Petitioner failed to prove the existence of any alibi witness who would have affected the outcome of his case.

Respondent's Exhibit #123, PCR Findings of Fact and Conclusions of Law, at p. 4.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) circumscribes a federal habeas review of a state court decision. See, Williams v. Taylor, 529 U.S. 362, 404 (2000).

Thus, "a determination of a factual issue made by a state court is presumed correct "unless the petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); See also, Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). In addition, habeas relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

10 - FINDINGS AND RECOMMENDATION

court proceeding." 28 U.S.C. § 2254(d).

In addressing the deference requirements set forth in 28 U.S.C. § 2244(d), the court in Williams v Taylor noted that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Williams v Taylor, supra at 404.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially distinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It

11 - FINDINGS AND RECOMMENDATION

is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

Thus, even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Thus, the AEDPA sets forth a "highly deferential standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997).

The standard for ineffective assistance of counsel is set

12 - FINDINGS AND RECOMMENDATION

out in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient. Id. at 687. Second, the petitioner must show that the deficient performance prejudiced the defense. Id.

The first prong of the Strickland test requires the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Id at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id. The inquiry under Strickland is highly deferential: "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Bell v. Cone, 535 U.S. 685, 698 (2002) (quoting Strickland, 466 U.S. at 689).

The Supreme Court has held that '[i]t is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 391 (2000). Under Williams, a petitioner may therefore be granted

13 - FINDINGS AND RECOMMENDATION

habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland</u>.

Petitioner has not proffered any clear and convincing evidence to rebut the PCR court finding that counsel investigated petitioner's alibi claim. Accordingly, that finding is presumed correct. 28 U.S.C. § 2254(e)(1). In addition, the court's finding is supported by the record which establishes that petitioner's attorney made a strategic decision not to call Al Cruz, the employee dismissed from the Mission's employment for letting people leave the Mission at night, contrary to policy. Counsel made a further strategic decision not to call another witness form the Mission for fear that information concerning Mr. Cruz' lax practices and subsequent termination would undermine the case. Respondent's Exhibit 119, Affidavit of Lester E. Seto, a 1-2. All other alibi witnesses were investigated and interviewed, however, due to their transient situation, the witnesses were difficult to contact, then maintain contact. Counsel made a strategic decision that Singleton would make the best witness to call regarding the Mission policies. <u>Id</u>.

"Strategic choices made after through investigation of law and facts relevant to plausible options are virtually unchallengable." <u>Strickland</u>, 464 U.S. at 690 (1984).

The PCR court determined that "[c]ounsel was correct" in not calling a witness to testify who may have undermined the

14 - FINDINGS AND RECOMMENDATION

testimony of Singleton that the Mission rigorously enforced its check in policy. Respondent's Exhibit #123, p. 4. The PCR court decision is entitled to deference by this court because it is not contrary to, or an unreasonable application of <u>Strickland</u>. Moreover the decision is supported by the record before this court which establishes that counsel's choice was reasonable strategic decision under the circumstances of petitioner's case.

The "<u>Balcony argument:</u>" Petitioner contends that the victim's second floor balcony was not a "dwelling" for purposes of burglary statutes.

In his post-conviction proceeding (and in this proceeding) petitioner alleged that counsel was ineffective when he "failed to object to improper jury instruction by the court. Specifically, the Court's instructions to the jury did not include a definition of 'balcony' and that jury members should decide whether or not the balcony constituted a part of the 'premises' or 'building' where the alleged crime occurred. Respondent's Exhibit #126, p. 2 (Petitioner's Second Amended Petition for Post-Conviction Relief)

In petitioner's appeal of the PCR court decision denying relief, petitioner framed this argument as "counsel was ineffective for failing to present case law that would have permitted the court to dismiss the burglary charge." Respondent's Exhibit #125, p. 3.

Petitioner's petition for review by the Oregon Supreme

15 - FINDINGS AND RECOMMENDATION

Court also alleged that counsel was ineffective "for failing to supply case law that would have permitted the trial court to dismiss the burglary charge." Respondent's Exhibit #128, p.3.

It is a bit of a stretch to construe petitioner's "failure to object to improper jury instruction claim" as exhausted by his "failure to supply case law" argument. [5] However, assuming *arguendo* these claims of ineffective assistance of counsel are substantially identical and exhausted for purposes of habeas review, I find as follows.

The PCR court found: "The court's jury instructions were proper. Counsel had no basis to object to the instruction. Further, an objection on the basis that the court did not define 'balcony' would not have bee well founded." The court further found: "Petitioner's claim of trial court error are not appropriate for post-conviction relief. However, the trial court properly denied petitioner's motion for judgment of acquittal; the jury was properly instructed; and the sentence imposed was appropriate. Respondent's Exhibit #123, p. 5.

The PCR court decision is entitled to deference by this court because it is not contrary to, or an unreasonable application of <u>Strickland</u>.

---

[5] The "failure to supply case law" argument is more logically related to petitioner's claim of trial court error based on the trial court's failure to dismiss the burglary charge. That claim is clearly not exhausted because it was not raised on appeal from the PCR decision or in petitioner's petition for review by the Oregon Supreme Court.

16 - FINDINGS AND RECOMMENDATION

As noted above, in order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. Petitioner in this case has not established either of these elements as to his "balcony argument."

Petitioner's trial counsel stated: "I could not find any case law specifically on point supporting our position with regard to apartments with balconies. We made a thorough record. I don't know what other case law could have been researched. ... The instructions were all uniform instructions. I did not have grounds to object to any of them. I did not request and did not draft special instructions regarding the balcony. I did not have specific case law supporting my position. I believe that while the point was debatable, the balcony was most analogous to an attached garage. That conclusion cut against us. We made a record with respect to our Motion for Judgment of Acquittal. Harping on a technicality would have been a digression from the actual defense." Respondent's Exhibit #119, p. 3-4 (Affidavit of Lester E. Seto).

Petitioner has not established the existence of any case law that would have persuaded the court that a different jury instruction was proper or that a judgment of acquittal was appropriate. The Oregon Statutes and annotations attached to petitioner's Memorandum of Law (#34) tend to support counsel's

17 - FINDINGS AND RECOMMENDATION

statement and the PCR court's conclusion, and do not constitute "case law" in support of petitioner's "balcony argument."

Based on all of the foregoing, respondent's Response (motion to deny relief) (#20) should be allowed. Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 06 day of June, 2008.

Thomas M. Coffin
United States Magistrate Judge

18 - FINDINGS AND RECOMMENDATION